IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA M. BUSH | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-09-1850 |
| CYNTHIA DAVIS | * | |
| ANNETTE PAYNE | | |
| CINDY PEARRE | * | |
| ROBERT MILLER | | |
| REALTY MANAGEMENT SVCS. | * | |
| DON STOCKS | | |
| KHADIJAH JENKINS | * | |
| ANN SCHROEDER | | |
| Defendants | * | |

\*\*\*

MEMORANDUM

On July 14, 2009, plaintiff Barbara M. Bush filed a *pro se* complaint which cites to the Fair Housing Act ("FHA"). Bush points to 2002 documentation which suggests that she requires placement in a handicapped accessible apartment or home so she does not have to climb stairs.[1] Paper No. 1.  Bush seeks no rent increase for one year, a waiver of all gas and electric bills, and reimbursement of $125.00 in advance rental payments.  *Id*. Because she appears indigent, Bush's request for waiver of filing fee shall be granted.

Plaintiff's FHA claims are apparently based on defendants' alleged failure to make reasonable accommodations in connection with plaintiff's claimed disabilities. To establish a discrimination claim for failure to provide a reasonable accommodation under the FHA,  plaintiff must prove that "(1) [s]he suffers from a handicap as defined by the FHA[ ]; (2) defendants knew or reasonably should have known of plaintiff's handicap; (3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *See Lanier v. Ass'n of Apartment Owners of*

---

[1] Bush's documentation suggests that she has a left hemi-paresis with significant weakness of her left extremities that limits her ability to perform her regular daily activities, such as walking or climbing stairs.

*Villas of Kamali*, CV No. 06-00558, 2007 WL 842069, at *5 (D. Haw. March 16, 2007) (quoting *Giebeler v. M & B Assocs.,* 343 F.3d 1143, 1147 (9th Cir. 2003)); *see also* 42 U.S.C. § 3604(f)(3)(B). In this complaint, Bush documents her physical limitations, but provides no underlying facts showing that she communicated these alleged disabilities to any of the defendants and that an accommodation was refused. Further, although Bush names multiple defendants, she does not discuss precisely how or when they were involved in the alleged FHA violations.

For the aforementioned reasons, a separate Order shall be entered granting plaintiff's request for waiver of filing fee, but summarily dismissing this complaint without prejudice.

Date: July 20, 2009            _/s/_____
                               Andre M. Davis
                               United States District Judge